UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Che C. Clark, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>JPMorgan Chase Bank, N.A., d/b/a Chase Auto Finance, and Repossessors Inc.,<br><br>             Defendants. | NO. 17-cv-01069 (SRN/KMM) |

**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled <u>Clark v. JPMorgan Chase Bank, N.A., et al.</u>, United States District Court for the District of Minnesota, Case No. 0:17-cv-01069-SRN-KMM (the "Action"). The Action was brought by plaintiff Che Clark ("Plaintiff"), individually and on behalf of all others similarly situated, against defendants JPMorgan Chase Bank, N.A. ("JPMC") and Minnesota Repossessors, Inc. ("MRI" and, together with JPMC, "Defendants"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. **Settlement Terms**. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Settlement Class.

3. **Scope of Settlement**. The Agreement resolves all claims alleged in the Class Action Complaint filed in the Action on April 6, 2017. <u>See</u> ECF No. 1.

4. **Preliminary Approval of Proposed Settlement**. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar

with the legal and factual issues of this case; (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. A and B to the Agreement), that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice plan, that the notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement.

5. **Class Certification for Settlement Purposes Only**. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All Minnesota consumers whose vehicles were repossessed between April 7, 2013 through April 30, 2018, by or on behalf of JPMorgan Chase Bank, N.A.

6. **In connection with this conditional certification, the Court makes the following preliminary findings**:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)     For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.    **Class Representative**.   The Court appoints Plaintiff to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.    **Class Counsel**.  The Court appoints Thomas J. Lyons, Jr., Consumer Justice Center P.A. and Adam R. Strauss, Tarshish Cody, PLC, as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.    **Final Approval Hearing**.   At 9:30 a.m. on **December 11, 2018**, in Courtroom 7A of the Warren E. Burger Federal Building & United States Courthouse, 316 N. Robert St., St. Paul, Minnesota 55101, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether to:  (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement

Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members (except those who have timely and validly requested to opt-out of the Settlement Class) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Action with prejudice, without costs to any Party, except as provided in this Agreement.  At the Final Approval Hearing, the Court will also determine whether Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.  No later than **October 17, 2018**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff.  No later than **December 4, 2018**, which is seven (7) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.  If a Settlement Class Member would like to speak at the Final Approval Hearing, he, she or it must file a notice with the Court providing name, address, telephone number and the signature of the Settlement Class Member no later than **December 4, 2018**.

10.    **<u>Settlement Administrator</u>**.   Analytics Consulting, LLC ("Analytics") is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Class Notice**. The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and post cards) and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than **September 7, 2018** ("Notice Deadline").

12. The Settlement Administrator will file with the Court by no later than **December 4, 2018**, which is seven (7) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13. **Opt-Out and Objection Deadline**. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by **November 7, 2018**, which is 60 calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

14. **Exclusion from the Settlement Class**. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person in the Settlement Class who is

requesting exclusion; (b) include the full name, address and JPMC account number of the person in the Settlement Class requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the <u>Clark</u> action." No request for exclusion will be valid unless all of the foregoing information is included. For any person in the Settlement Class who has more than one account, the exclusion request shall include all accounts. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

15. The Settlement Administrator will retain a copy of all requests for exclusion. Not later than seven (7) days before the Final Approval Hearing, the Settlement Administrator will file with the Court, under seal, a declaration that lists all of the exclusion requests received.

16. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17. All Settlement Class Members who do not opt-out in accordance with the terms set forth herein will be bound by all determinations and judgments concerning the Settlement.

18. **<u>Objections to the Settlement</u>**. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement

Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel – Class Counsel – Thomas J. Lyons Jr., Consumer Justice Center P.A., 367 Commerce Court, Vadnais Heights, MN 55127; and (b) JPMC's Counsel – Arjun P. Rao, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  In connection with an objection, the Settlement Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider.  The Court will not consider an objection unless the objection includes all of the foregoing information.

19. Any Settlement Class Member who fails to timely comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.  All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20. For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address and telephone number to protect the

objector's privacy. The objector's name and city, state and zip code, as well as the objection, will not be redacted.

21. **Stay of Other Proceedings**. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

22. Pending the final determination of whether the Settlement should be approved, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

23. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the

certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Defendants or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

24. In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Fund in accordance with this Agreement, shall be returned to JPMC within five (5) business days following the event triggering non-approval, termination, cancellation, or failure to become effective.

25. **<u>No Admission of Liability</u>**.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or

proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

26. **Reasonable Procedures to Effectuate the Settlement**. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Address Verification Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

27. **Schedule of Future Events**. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **September 7, 2018** | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **October 17, 2018** | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| **November 7, 2018** | Deadline for Settlement Class Members to Submit an Address Verification Form (Address Verification Period) |
| **November 7, 2018** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **December 4, 2018** | Deadline for Parties to file the following:<br><br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; |

|  | (3) Motion and memorandum in support of final approval, including responses to any objections; and<br>(4) Notice filed with the Court of any Settlement Class Member who would like to speak at the Final Approval Hearing |
|---|---|
| **December 11, 2018 at 9:30 a.m.** | Final Approval Hearing |

IT IS SO ORDERED.

Dated: August 7, 2018              s/Susan Richard Nelson
                                   Hon. Susan Richard Nelson
                                   United States District Judge